UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00444-SEB-TAB |
| ) | |
| NOLL, ) | |
| ) | |
| Defendant. ) | |

**Entry Imposing Sanctions and Dismissing Action with Prejudice**

Defendant Dr. Noll seeks dismissal of this action on the basis that Plaintiff Joshua Lindsey failed to exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). An evidentiary hearing was held on March 8, 2021, to resolve this affirmative defense. For the reasons explained below, this action is dismissed with prejudice and Mr. Lindsey is ordered to pay the outstanding filing fees owed to this Court as a sanction for submitting fabricated documents to the Court. Until he pays those fees, the Clerk of the Court is ordered to return unfiled any papers Mr. Lindsey submits to this Court, with the exception of appeal documents and habeas cases.

**I.   Background**

Mr. Lindsey is a frequent litigator in this State. As a result of his past litigation, he is not eligible to proceed *in forma pauperis* based on the barrier established by 28 U.S.C. §1915(g) and his previous history of frivolous litigation brought in federal court. *See Lindsey v. Corizon Correctional Medical Services, Inc.,* 1:16-cv-701-LJM-DML (S.D. Ind. April 4, 2016) (setting forth history of dismissals and strikes pursuant to 28 U.S.C. § 1915A(b)). He is further barred from filing any papers (with the exception of appeal documents and habeas cases) in the Northern

District of Indiana. *Lindsey v. Corizon Health Medical Services, et al.,* 3:16-cv-94-JVB-CAN (N.D. Ind. Mar. 24, 2016). This restriction was imposed in the Northern District due to Mr. Lindsey's history of filing altered, fraudulent documents in federal court. Case 3:16-cv-94-JVB-CAN, dkt. 7. The Northern District summarized Mr. Lindsey's litigation abuses as follows:

> In *Lindsey v. Brown*, 2:13-CV-068 (S.D. Ind. filed February 25, 2013), the case was dismissed on September 11, 2013, as a sanction for having submitted fraudulently altered medical records. In *Lindsey v. Scott*, 2:13-CV-390 (S.D. Ind. filed October 31, 2013), the case was dismissed on December 12, 2014, as a sanction for his having submitted four fraudulent affidavits. In *Lindsey v. Hanlon*, 1:15-CV-158 (S.D. Ind. filed February 6, 2015), the case was dismissed on March 20, 2015, as a sanction for his having filed an altered inmate trust fund ledger. In *Lindsey v. Schmitt*, 2:15-CV-44 (S.D. Ind. filed February 13, 2015), he was admonished that "[t]he Court will not tolerate the plaintiff's continued fraudulent representations" and denied leave to proceed *in forma pauperis*. In *Lindsey v. Schrader*, 3:15- CV-135 (N.D. Ind. filed March 20, 2015), he was denied leave to proceed *in forma pauperis* on April 14, 2015, because he filed altered, fraudulent documents.

*Id.*, dkt. 7 at p. 2.

## II. Standard of Review

The substantive law applicable to the exhaustion defense is the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

The defendant bears the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

### III.     Findings of Fact and Conclusions of Law

An evidentiary hearing was held to resolve the defendant's affirmative defense that Mr. Lindsey failed to exhaust his available administrative remedies prior to filing this civil action on February 7, 2020. The Court found the testimony of correctional casework manager John Cook and grievance specialist Christina Conyers credible. Based on the parties' stipulations, and the exhibits and testimony presented at the evidentiary hearing, the Court accepts the following facts as true:

The Indiana Department of Correction Grievance Procedure, Policy # 00-02-301, effective date October 1, 2017, is the applicable grievance procedure for the case at hand. The parties agree that the steps contained within the grievance procedure are the steps an offender, including Mr. Lindsey, must follow to exhaust administrative remedies. Mr. Lindsey is knowledgeable about the grievance process and the steps to take to exhaust his administrative remedies. A copy of the grievance policy was available to Mr. Lindsey at Pendleton Correctional Facility.

The grievance process requires three basic steps: 1) submission of a formal grievance with evidence of an informal attempt; 2) an appeal to the Warden/designee; and 3) an appeal to the Offender Grievance Manager.

On February 7, 2020, Mr. Lindsey filed a lawsuit against Dr. Noll alleging that he ignored requests for emergency dental treatment following an altercation on January 7, 2020.

On January 20, 2020, Mr. Lindsey submitted a formal grievance, which included evidence of an informal attempt, that complained about Dr. Noll, among other things.

On January 29, 2020, the grievance specialist, Christina Conyers, returned Mr. Lindsey's formal grievance dated January 20, 2020. Pursuant to the grievance policy, Mr. Lindsey then had five days to correct his formal grievance and resubmit it. Mr. Lindsey did not resubmit his formal grievance. Nor did Mr. Lindsey file any appeals related to his claims against Dr. Noll.

The Court does not accept Mr. Lindsey's testimony that he gave a revised grievance to his casework manager, John Cook, on January 30, 2020, to turn into Ms. Conyers, the grievance specialist. Nor does the Court accept Mr. Lindsey's testimony that when he did not receive a response, he submitted a follow up letter or notification to Ms. Conyers on February 4, 2020, but

4

did not hear anything back.[1] This conclusion is supported by Ms. Conyers' persuasive testimony that had a revised grievance been submitted, it would have been stamped with a date received and scanned into her records. However, when a record search was conducted no revised grievance was found.

Defendant's Exhibit F was admitted into evidence. Exhibit F is a three-page document titled, "Sworn Affidavit of John H. Cook." It is dated and signed June 19, 2020. Mr. Lindsey submitted this document in opposition to the defendant's motion for summary judgment on the affirmative defense of exhaustion. This document reflects that when Mr. Cook is given grievance documents, he turns them into the grievance specialist's mailbox. Testimony regarding the authenticity of the affidavit was provided during the hearing. Specifically, Mr. Cook testified that he never signed the Affidavit in the form Mr. Lindsey presented to the Court. Mr. Cook explained that in response to Mr. Lindsey's concerns regarding the processing of his grievances, he used his Request for Interview notepad to write that "Any and all informal grievances, formal grievances, and grievance appeals that you turn into me, I personally submit to the grievance specialist via their mailbox." Exhibit F at p. 2. Mr. Cook testified that when he provided this Request for Interview form to Mr. Lindsey it did not have the word "AFFIDAVIT" typed across the top, nor did it include a notarization at the bottom of the form. Mr. Cook testified that he has never notarized his own signature and that it would be unethical to do so. He also stated that the Request for Interview form is a half sheet piece of paper. Mr. Lindsey's testimony that he handed Mr. Cook the affidavit in the form presented to the Court and that Mr. Cook completed the form as presented

---

[1] Even if the follow up letter or notification was provided to Ms. Conyers on February 4, 2020, she would have had five business days to investigate and respond pursuant to the grievance policy. This lawsuit was filed on February 7, 2020, before the five-day investigation period passed. In other words, even if Mr. Lindsey did submit the notification, the filing of this lawsuit was premature.

is not credible. The Court accepts Mr. Cook's testimony that he has never signed such a document because the presentation of three cobbled together prison forms would be memorable.

The Court concludes that Exhibit F, the three-page document titled, "Sworn Affidavit of John H. Cook," was created by Mr. Lindsey to mislead the Court into concluding that Mr. Cook submitted an affidavit. This document was not intended by Mr. Cook to be an affidavit and is instead three documents modified to appear as a single affidavit. Mr. Lindsey had a strong motive to manufacture the affidavit and then to lie about it.

**IV.     Sanctions**

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). "[T]he judicial system cannot tolerate deception from litigants." *Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014). "Manufacturing evidence undermines the essential truth-finding function of the justice system, puts the system through unnecessary work, and causes the defendants unnecessary expense and delay." *Collins v. Gunderson*, No. 17-C-1157, 2018 WL 3233153, at *4 (E.D. Wis. July 2, 2018) (J. Griesbach). But that is what Mr. Lindsey did in this case when he submitted Exhibit F, a document posing as John Cook's affidavit, in opposition to the defendant's motion for summary judgment. "Creating and submitting fake documents is a fraud upon the court. Lindsey has been permitted numerous opportunities to stop. However, he continues to create fake documents in case after case. Enough is enough." 3:16-cv-94-JVB-CAN, dkt 7 at p.3.

6

Sanctions can include the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits. In *Mack*, the Seventh Circuit directed the clerks of all federal courts in the circuit to return unfiled any papers that the litigant attempts to file, unless and until he pays in full the sanctions that have been imposed against him. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (filing bar imposed on pro se party who continued to file false evidence and did not respond to monetary sanctions). Any such filing bar, however, must be tailored to the misconduct. *Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010).

Mr. Lindsey has demonstrated a sustained pattern of dishonesty before the Court. He has had cases dismissed as a result of his dishonesty and filing bans have been imposed. These sanctions have not had the intended effect. The appropriate sanction under these circumstances is to order Mr. Lindsey to pay the district court filing fees he owes to this Court in the amount of Two Thousand Six Hundred and Fifty Dollars ($2,650.00).[2] Until he pays those fees, the Clerk of this Court is ORDERED to return unfiled any papers in civil litigation that Mr. Lindsey submits to this Court, with the exception of a Notice of Appeal and habeas cases. *See Thelen v. Cross*, 656 F. App'x 778 (7th Cir. 2016) (imposing filing ban citing *Mack*, 45 F.3d 185). After two years, Mr. Lindsey may seek modification or rescission of this Order. *Mack*, 45 F.3d at 187 ("Perpetual orders are generally a mistake.").

The Court considered lesser sanctions, but they would not be effective because: 1) previous dismissals have not stopped Mr. Lindsey's deceptive litigation practices; and 2) Mr. Lindsey

---

[2] *Lindsey v. Finnan,* 1:10-cv-00241-LJM-DML ($350.00 filing fee owed), *Lindsey v. Wilson,* 1:16-cv-00700-JMS-MJD ($400.00 filing fee owed), *Lindsey v. Corizon Correctional Medical Services, Inc., et al,* 1:16-cv-00701-LJM-DML ($400.00 filing fee owed), *Lindsey v. Schmitt, et al.,* 2:15-cv-00044-WTL-MJD ($400.00 filing fee owed), *Lindsey v. Hanlon et al.,* 1:15-cv-00158-SEB-MJD ($400.00 filing fee owed), *Lindsey v. Indiana Department of Corrections, et al.,* 2:13-cv-00068-JMS-WGH ($350.00 filing fee owed), *Lindsey v. Scott, et al.,* 2:13-cv-00390-JMS-WGH ($350.00 filing fee owed for district court fee).

proceeds *in forma pauperis*, such that no monetary sanction would have an impact. *See Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014). The Court also considered—and will again consider in the face of any future willful false statements from Mr. Lindsey—referring such false statement(s) for prosecution of perjury. For now, however, the sanctions imposed will protect the Court's resources and other parties from Mr. Lindsey's abusive litigation practices and willful dishonesty. *See Martin v. Fowler,* 804 F. App'x 414 (7th Cir. 2020) (affirming imposition of filing bar as sanction for making a false statement on request to recruit counsel).

## V.     Conclusion

IT IS ORDERED that:

The law and facts are on the side of the defendant. Mr. Lindsey did not exhaust his available administrative remedies prior to filing this civil action on February 7, 2020.

This action is DISMISSED with prejudice as a sanction for Mr. Lindsey's continued dishonesty and abusive litigation tactics.

Mr. Lindsey is barred from filing any papers in this Court (with the exception of habeas cases and a Notice of Appeal) until he pays the district court filing fees he owes to this Court in the amount of Two Thousand Six Hundred and Fifty Dollars ($2,650.00). After two years, Mr. Lindsey may seek modification or rescission of this order.

IT IS SO ORDERED.

Date: 3/10/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA LINDSEY
112177
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

ROBIN C. CLAY
Electronic Service Participant – Court Only

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com

Marilyn A. Young
CASSIDAY SCHADE LLP
myoung@cassiday.com